UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------- x
: 
NOBLE CAPITAL RSD LLC, :
:
1185 Avenue of the Americas, 3rd Floor :
New York, New York 10036 :
:
*Plaintiff*, :
:
v. : Civil Action No. 25-cv-1796
:
THE RUSSIAN FEDERATION, THE MINISTRY :
OF FINANCE OF THE RUSSIAN FEDERATION, :
THE CENTRAL BANK OF THE RUSSIAN :
FEDERATION, and THE RUSSIAN NATIONAL :
WEALTH FUND, :
:
*Defendants*. :
:
------------------------------------- x

## COMPLAINT

Plaintiff, Noble Capital RSD LLC ("***Noble Capital***"), by and through its attorneys, files this Complaint and alleges as follows:

## NATURE OF ACTION

1.  The Russian Federation, in breach of the successor government doctrine, has repudiated and continues to repudiate certain sovereign debts for money borrowed by its predecessor government, the Russian Imperial Government. Noble Capital is the assignee and lawful owner of Russian sovereign bonds issued by the Russian Imperial Government to public investors in the United States (the "***Russian Sovereign Bonds***").

2.  Noble Capital seeks entry of a judgment declaring the amount owed by the Russian Government (defined below) to Noble Capital on account of the Russian Sovereign Bonds for outstanding principal and interest, on a gold-adjusted basis, to be determined at trial, but not less

than $225.8 billion.

3. Noble Capital also seeks entry of a judgment declaring that the amount owed by the Russian Government to Noble Capital or its lawful assignee(s) on account of the Russian Sovereign Bonds can be set off in payment of amounts owed to the Russian Government by Noble Capital or its lawful assignee(s), including amounts owed to the Russian Government on account of the Blocked Russian Sovereign Assets (defined below) on deposit at any financial institution that holds Russian Sovereign Bonds assigned to it by Noble Capital.

4. Noble Capital also seeks entry of a judgment declaring that set off of the Russian Sovereign Bonds against the Blocked Russian Sovereign Assets constitutes the payment of Russian Sovereign Bonds consistent with established legal precedent and does not constitute the illegal confiscation of property without compensation as a punishment or for the public interest in breach of customary international law.

5. Noble Capital also seeks such further relief as is necessary or proper, including injunctive relief with respect to release or mobilization of the Blocked Russian Sovereign Assets and appointment of an equitable receiver in aid of collection.

## PARTIES

6. Noble Capital RSD LLC is a limited liability company organized and existing under the laws of the State of Delaware and the assignee and lawful owner of sovereign bonds sold to public investors in the United States by the Russian Imperial Government.

7. The Russian Federation is the recognized government having authority and jurisdiction over Russia, the successor government to the Soviet Union (defined below), the Russian Provisional Government and the Russian Imperial Government, and a foreign state within the meaning of 28 U.S.C. § 1603(a).

8. The Ministry of Finance of the Russian Federation (the "**_Russian Finance_**

*Ministry*") is a foreign state within the meaning of 28 U.S.C. § 1603(a).

9. The Central Bank of the Russian Federation (the "**_Russian Central Bank_**") is a foreign state within the meaning of 28 U.S.C. § 1603(a).

10. The Russian National Wealth Fund (the "**_Russian Wealth Fund_**" and, collectively with the Russian Federation, the Russian Finance Ministry and the Russian Central Bank, the "**_Russian Government_**") is a foreign state within the meaning of 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

11. The Court has subject-matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1330(a), 1605(a) and 2201(a), because this action is a case of actual controversy against foreign states with respect to which the foreign states are not entitled to immunity.

12. The Court has personal jurisdiction over the Russian Government with respect to this action, pursuant to 28 U.S.C. § 1330(b), because the Court has subject-matter jurisdiction over this action and service is being made on the Russian Government pursuant to 28 U.S.C. § 1608.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(4).

## FACTUAL ALLEGATIONS

14. Prior to 1916, the Russian Imperial Government was the recognized government with authority and jurisdiction over Russia.

15. In December 1916, the Russian Imperial Government sold sovereign bonds to public investors in the United States in the principal amount of $25 million, with interest at 5 ½% per annum and a five-year maturity (*i.e.*, the "**_Russian Sovereign Bonds_**").

16. The Russian Sovereign Bonds are dollar-denominated, English-language bonds, each of which contains a unique serial number and is embossed with the seal of the Russian Imperial Government.

17. The Russian Sovereign Bonds are bearer bonds payable to the bearer of the bond

3

and constitute negotiable instruments that are freely assignable by physical delivery.

18. The Russian Sovereign Bonds are payable on a gold-adjusted basis in United States currency or Russian currency, determined at the option of the holder.

19. The Russian Sovereign Bonds were sold by the National City Bank of New York (now known as Citibank) and a syndicate of banks, on behalf of the Russian Imperial Government, to public investors in the United States with an original issue discount of 5.25%. The Russian Sovereign Bonds are payable at the office of the National City Bank of New York in New York City or at the offices of the Imperial State Bank (now known as the Russian Central Bank), determined at the option of the holder.

20. The Russian Imperial Government failed to repay the Russian Sovereign Bonds, which remain outstanding and unpaid.

21. In February 1917, the Russian Provisional Government was established as the successor to the Russian Imperial Government with authority and jurisdiction over Russia, and successor to the sovereign assets and the sovereign debts of the Russian Imperial Government, including the Russian Sovereign Bonds.

22. In October 1917, the Bolsheviks overthrew the Russian Provisional Government and subsequently established the Russian Soviet Federative Socialist Republic, later merged into the Union of Soviet Socialist Republics (collectively, the "***Soviet Union***").

23. In February 1918, the Soviet Union repudiated all external sovereign debts of the Russian Provisional Government and the Russian Imperial Government, including the Russian Sovereign Bonds.

24. In November 1933, the United States recognized the Soviet Union as the successor government to the Russian Provisional Government with authority and jurisdiction over Russia,

and successor to the sovereign assets and the sovereign debts of the Russian Provisional Government and the Russian Imperial Government, including the Russian Sovereign Bonds.

25. In November 1933, the Soviet Union assigned to the United States, pursuant to an executive agreement, all blocked or immobilized Russian sovereign assets then located in the United States. In August 1959, proceeds of the assigned sovereign assets were applied as a partial payment of claims against the Soviet Union, including, *inter alia*, certain of the Russian Sovereign Bonds.

26. In July 1986, in exchange for access to the capital markets of the United Kingdom, the Soviet Union and the United Kingdom entered into a treaty pursuant to which the Soviet Union transferred the proceeds of certain blocked or immobilized Russian sovereign assets located in the United Kingdom in full payment and settlement of, *inter alia*, sovereign bonds issued by the Imperial Russian Government but only to the extent held by United Kingdom nationals.

27. In December 1991, the Russian Federation was established as the successor to the Soviet Union with authority and jurisdiction over Russia, and successor to the sovereign assets and the sovereign debts of the Soviet Union, the Russian Provisional Government and the Russian Imperial Government, including the Russian Sovereign Bonds.

28. In November 1996, in exchange for access to the capital markets of France, the Russian Federation and the French Republic entered into a treaty pursuant to which the Russian Federation paid $400 million in full payment and settlement of, *inter alia*, sovereign bonds issued by the Imperial Russian Government but only to the extent held by French nationals.

29. In August 2006, the Russian Federation completed the voluntary repayment of all foreign debts for money borrowed by the Soviet Union from Paris Club countries. In August 2017,

5

the Russian Federation completed the voluntary repayment of all remaining foreign debts owed by the Soviet Union.

30. Although the Russian Federation repaid substantially all of the sovereign bonds issued by the Imperial Russian Government to British and French nationals, and repaid substantially all of the sovereign debts of the Soviet Union, the Russian Federation has failed and continues to fail to repay the sovereign bonds issued by the Imperial Russian Government to United States nationals.

31. In February 2014 and February 2022, the Russian Federation illegally invaded Ukraine. In response, the United States has immobilized and blocked the transfer of Russian sovereign assets of the Russian Government then or thereafter located in the United States or under the control of any United States person (the "**_Blocked Russian Sovereign Assets_**").

32. Set off of the Russian Sovereign Bonds against the Blocked Russian Sovereign Assets constitutes the payment of Russian Sovereign Bonds consistent with established legal precedent and does not constitute the illegal confiscation of property. Confiscation of the Blocked Russian Sovereign Assets without compensation to the Russian Government as a punishment or for the public interest constitutes an illegal breach of customary international law, unless authorized by the United Nations Security Council or exercised in self defense based on direct military conflict with the Russian Government.

## COUNT I
(Russian Federation)

33. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

34. The Russian Federation is the successor government to the Russian Imperial Government and the successor to its obligations under the Russian Sovereign Bonds.

35.     Noble Capital is the assignee and lawful owner of Russian Sovereign Bonds. Noble Capital reserves the right to acquire additional Russian Sovereign Bonds at any time.

36.     The Russian Sovereign Bonds are due and payable pursuant to their terms.

37.     The Russian Federation is liable to Noble Capital on account of the Russian Sovereign Bonds in an amount to be determined at trial, but not less than $225.8 billion.

38.     Noble Capital is entitled to set off the amount owed by the Russian Federation to Noble Capital on account of the Russian Sovereign Bonds in payment of any amount owed by Noble Capital to the Russian Federation.

## COUNT II
(Russian Finance Ministry)

39.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

40.     The Russian Federation and the Russian Finance Ministry are integral parts of the same foreign state (*i.e.*, Russia). The Russian Finance Ministry is an organ or political subdivision (and integral component) of the Russian Federation and is not a juridical entity that is separate from the Russian Federation.

41.     In addition, (i) the Russian Finance Ministry is an alter ego of the Russian Federation, (ii) the Russian Finance Ministry and the Russian Federation have a principal-agent relationship and (iii) the Russian Finance Ministry and the Russian Federation are not independent and treatment of the Russian Finance Ministry as separate from the Russian Federation would work a fraud or injustice.

42.     The Russian Finance Ministry is liable to Noble Capital on account of the Russian Sovereign Bonds in an amount to be determined at trial, but not less than $225.8 billion.

43.     Noble Capital is entitled to set off the amount owed by the Russian Finance

Ministry to Noble Capital on account of the Russian Sovereign Bonds in payment of any amount owed by Noble Capital to the Russian Finance Ministry.

## COUNT III
(Russian Central Bank)

44. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

45. The Russian Federation and the Russian Central Bank are integral parts of the same foreign state (*i.e.*, Russia). The Russian Central Bank is an organ or political subdivision (and integral component) of the Russian Federation and is not a juridical entity that is separate from the Russian Federation.

46. In addition, (i) the Russian Central Bank is an alter ego of the Russian Federation, (ii) the Russian Central Bank and the Russian Federation have a principal-agent relationship and (iii) the Russian Central Bank and the Russian Federation are not independent and treatment of the Russian Central Bank as separate from the Russian Federation would work a fraud or injustice.

47. The Russian Central Bank is liable to Noble Capital on account of the Russian Sovereign Bonds in an amount to be determined at trial, but not less than $225.8 billion.

48. Noble Capital is entitled to set off the amount owed by the Russian Central Bank to Noble Capital on account of the Russian Sovereign Bonds in payment of any amount owed by Noble Capital to the Russian Central Bank.

## COUNT IV
(Russian Wealth Fund)

49. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

50. The Russian Federation and the Russian Wealth Fund are integral parts of the same foreign state (*i.e.*, Russia). The Russian Wealth Fund is an organ or political subdivision (and

8

integral component) of the Russian Federation and is not a juridical entity that is separate from the Russian Federation.

51. In addition, (i) the Russian Wealth Fund is an alter ego of the Russian Federation, (ii) the Russian Wealth Fund and the Russian Federation have a principal-agent relationship and (iii) the Russian Wealth Fund and the Russian Federation are not independent and treatment of the Russian Wealth Fund as separate from the Russian Federation would work a fraud or injustice.

52. The Russian Wealth Fund is liable to Noble Capital on account of the Russian Sovereign Bonds in an amount to be determined at trial, but not less than $225.8 billion.

53. Noble Capital is entitled to set off the amount owed by the Russian Wealth Fund to Noble Capital on account of the Russian Sovereign Bonds in payment of any amount owed by Noble Capital to the Russian Wealth Fund.

## COUNT V
(Further Relief | Injunction)

54. Noble Capital repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

55. The Russian Government has engaged and continues to engage in inequitable conduct, and is a uniquely recalcitrant debtor.

56. The Russian Government holds property in the United States, including the Blocked Russian Sovereign Assets.

57. Noble Capital has suffered irreparable injury and will continue to suffer irreparable injury from the Russian Government's repudiation of the Russian Sovereign Bonds unless this Court enjoins the Russian Government from transferring the Blocked Russian Sovereign Assets, or other property of the Russian Government in the United States, prior to paying in full the Russian Sovereign Bonds held by Noble Capital.

58. Remedies available at law are inadequate to compensate Noble Capital for such injury.

59. Noble Capital has performed its obligations under the Russian Sovereign Bonds.

60. The Russian Government is capable of performing its obligations under the Russian Sovereign Bonds.

61. The balance of equities tips toward the issuance of an injunction.

62. The public interest would not be disserved by the issuance of a permanent injunction.

## COUNT VI
(Further Relief | Equitable Receiver)

63. Noble Capital repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

64. Noble Capital will suffer irreparable injury if an equitable receiver is not appointed to take possession and control of the Blocked Russian Sovereign Assets, and other property of the Russian Government in the United States, prior to the release, mobilization or transfer of said assets and property.

65. There is an imminent danger of the Blocked Russian Sovereign Assets, and other property of the Russian Government in the United States, being lost, concealed or diminished in value. Appointment of an equitable receiver is necessary and proper to avoid the loss, concealment or diminishment of the foregoing assets and property.

66. Remedies available at law are inadequate to protect the lawful and legitimate interests of Noble Capital.

67. There is no less drastic equitable remedy available to adequately protect the lawful and legitimate interests of Noble Capital.

68. The appointment of an equitable receiver will likely do more good than harm.

**WHEREFORE,** Noble Capital prays for that the Court enter judgment:

A. Declaring that the Russian Government is liable to Noble Capital on account of the Russian Sovereign Bonds in an amount to be determined at trial, but not less than $225.8 billion;

B. Declaring that Noble Capital is entitled to set off the amount owed by the Russian Government to Noble Capital (or its assignee(s)) on account of the Russian Sovereign Bonds in payment of any amount owed by Noble Capital (or its assignee(s)) to the Russian Government;

C. Declaring that set off of the Russian Sovereign Bonds against the Blocked Russian Sovereign Assets constitutes the payment of Russian Sovereign Bonds consistent with established legal precedent and does not constitute the illegal confiscation of property without compensation as a punishment or for the public interest in breach of customary international law;

D. Enjoining the Russian Government from transferring any of the Blocked Russian Sovereign Assets, and other property of the Russian Government in the United States, prior to repayment of the amount owed to Noble Capital on account of the Russian Sovereign Bonds; and

E. Appointing an equitable receiver to take possession and control of all Blocked Russian Sovereign Assets, and other property of the Russian Government in the United States, immediately upon release or mobilization of Blocked Russian Sovereign Assets, and other property of the Russian Government in the United States, until repayment of the amount owed by the Russian Government to Noble

Capital on account of the Russian Sovereign Bonds; and

F. Awarding Noble Capital its costs and attorneys' fees and granting Noble Capital such further relief as is necessary or proper.

Respectfully submitted,

**NOBLE CAPITAL RSD LLC**

Dated: June 9, 2025         By:   /s/ Kenneth Noble
                                   One of Its Attorneys

Kenneth Noble (D.D.C. Bar Id. No. NY0605)
NOBLE LAW PLLC
1185 Avenue of the Americas, 3rd Floor
New York, New York 10036-6805
Telephone: (212) 324-2525
knoble@noblepllc.com

12